# In the United States Court of Federal Claims

No. 25-760
Filed: August 12, 2025

**PETER J. POLINSKI,**

      *Plaintiff*,

v.

**THE UNITED STATES,**

      *Defendant.*

*Peter J. Polinski*, Marcy, N.Y., Pro se.

*Anne M. Delmare*, Trial Attorney, Commercial Litigation Branch, Civil Division, with *William J. Grimaldi*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brett A. Schumate*, Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

      Pro se Plaintiff, Peter J. Polinski ("Mr. Polinski" or "Plaintiff"), attempted to purchase a recreational vehicle, a Bentley Bentayga, two pontoon boats, an island, two homes, and many other luxury items with what he claims are negotiable instruments backed by the United States. (Compl. at 4–10, ECF No. 1). Mr. Polinski alleges that "actions" of the International Monetary Fund ("IMF"), the Office of the Comptroller of the Currency ("OCC"), and the U.S. Department of the Treasury ("Treasury"), "directly resulted in the seizure and taking of [P]laintiff's BONDS, International Bills of Exhcange[sic], GSA Bonds, and Trust Certificates, and Safe Keeping Receipts." (*Id.*). Mr. Polinski seeks $100,000,000,000, punitive damages, and a comprehensive forensic audit. (*Id.* at 2, 24). Mr. Polinski is familiar with the Court.[1] The United States seeks

---

[1] *See Polinski v. United States*, No. 20-281, Fed. Cl. (Nov. 17, 2020) (dismissed for failure to prosecute and failure to comply with a court order); *Polinski v. United States*, No. 24-947, Fed. Cl. (Jul. 23, 2024) (dismissed for failure to comply with a court order); *Polinski v. United States*, No. 24-1810, 2025 WL 432987 (Fed. Cl. Feb. 7, 2025), *reconsideration denied*, 2025 WL 635638 (Fed. Cl. Feb. 26, 2025), *aff'd*, 2025 WL 1441953 (Fed. Cir. May 20, 2025) (dismissed for lack of subject-matter jurisdiction); *Polinski v. United States*, No. 24-2124, Fed. Cl. (Feb. 19, 2025) (dismissed for lack of subject-matter jurisdiction); *Polinski v. United States*, No. 24-2125 (Fed. Cl. filed Dec. 23, 2024) (pending): *Polinski v. United States*, No. 24-2136C, 2025 WL 462603 (Fed. Cl. Feb. 11, 2025) (dismissed for failure to prosecute); *Polinski v. United States*, No. 25-266, Fed. Cl. (Apr. 16, 2025) (dismissed for failure to prosecute); *Peter J. Polinski Tr. v.*

dismissal on the basis that the Court lacks jurisdiction and that Mr. Polinski fails to state a plausible claim. (Mot. to Dismiss at 3–8 (citing RCFC 12(b)(1), 12(b)(6), ECF No. 7). The United States' Motion is **GRANTED** and Mr. Polinski's claim is **DISMISSED** for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. *See* RCFC 12(b)(1), 12(b)(6). Accordingly, Mr. Polinski's twelve (12) emergency motions (ECF Nos. 8–18, 20) are **DENIED** as both **MOOT** and **FRIVOLOUS**.

Mr. Polinski also filed a request to proceed *in forma pauperis* ("IFP application"). (ECF No. 2). Mr. Polinski's IFP application is **GRANTED**. However, it is not lost on the Court that Mr. Polinski claims he previously possessed $100 billion in negotiable instruments, (Compl. at 2), yet is unable to muster the comparatively few dollars required of most as a prerequisite to filing a lawsuit.

If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3). This Court's limited jurisdiction extends to claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (quoting 28 U.S.C. § 1491(a)(1)). The Tucker Act does not itself create a substantive right enforceable against the United States. *Ferriero v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007).

While pro se plaintiffs are held "to less stringent standards[,]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), this "leniency . . . does not relieve the burden to meet jurisdictional requirements." *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Granting a motion to dismiss for failure to state a claim under RCFC 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive such a motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The United States argues that Mr. Polinski's Complaint should be dismissed because he does not identify a specific cause of action mandating the payment of money, nor does he plausibly argue that the financial instruments he presents in his Complaint are valid. (Mot. to Dismiss at 5–7). Mr. Polinski objects to the United States' Motion in his filing titled "Plaintiff's Emergency Motion to Compel Evidence, Objection to Dismissal, Motion to Establish Jurisdiction, and Reassertion of Plaintiff's Standing[,]" (ECF No. 20). The Court construes section "III. Objection to Motion to Dismiss and Reassertion of Standing" as Mr. Polinski's Response to the United States' Motion to Dismiss as Mr. Polinski did not file a response document separately. (*Id.* at 8–11).

---

*United States*, No. 25-568, 2025 WL 1125378 (Fed. Cl. Apr. 8, 2025) (consolidated) (dismissed for lack of subject-matter jurisdiction and "facially frivolous claims"); *Polinski v. United States*, No. 25-783 (Fed. Cl. filed May 5, 2025) (pending); *Polinski v. United States*, No. 25-785 (Fed. Cl. filed May 5, 2025) (pending).

In his Complaint, Mr. Polinski cites numerous Constitutional Amendments and statutes that do not give rise to a cause of action in this Court. Mr. Polinski alleges violations of his Fourth and Thirteenth Amendment rights and makes Fifth Amendment substantive due process claims. (Compl. at 1–2, 16). These Amendments are not money-mandating, and as such, this Court has no jurisdiction. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (the Due Process clauses of the Fifth and Fourteenth Amendments are not-money mandating and therefore do not provide a cause of action under the Tucker Act); *Starnes v. United States*, 162 Fed. Cl. 468, 474 (2022) (the Court of Federal Claims lacks subject-matter jurisdiction over claims based upon the Fourth and Thirteenth Amendments because they are not money-mandating provisions of law). Mr. Polinski also cites the Sherman Antitrust Act, (Compl. at 21–22), which also does not provide a jurisdictional basis for claims in this Court. 15 U.S.C. §§1–2; *Hufford v. United States*, 87 Fed. Cl. 696, 703 (2009) (holding that violations of the Sherman Antitrust Act are within exclusive jurisdiction of district courts).

Mr. Polinski also requests equitable relief, declaratory judgment, and punitive damages. (Compl. at 23–24). The Court can only grant equitable relief in narrow circumstances that do not exist here. *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) ("Unlike the district courts, however, the [Court of Federal Claims] has no general power to provide equitable relief."). Further, the Court may not issue declaratory judgments or order punitive damages. *See United States v. Testan*, 424 U.S. 392, 398 (1976) (declaratory judgments); *Environmental Safety Consultants, Inc. v. United States*, 95 Fed. Cl. 77, 98 (2010) (punitive damages).

In his Complaint, Mr. Polinski cites two possible money-mandating provisions of law: the takings clause of the Fifth Amendment and 31 U.S.C. § 3123. (Compl. at 1, 23). However, neither of these provides a sufficient basis for the Court to have jurisdiction over Mr. Polinski's untethered assertions. Mr. Polinski asserts that the actions of the OCC and the Treasury directly resulted in a taking of his alleged negotiable instruments in violation of the Fifth Amendment. (Compl. at 23). Mr. Polinski does not clearly articulate a claim, let alone that he has suffered a taking under the Fifth Amendment.

As far as the Court can tell, Mr. Polinski created "negotiable instruments" to tender payment to luxury car, boat, and recreational vehicle dealerships, and for various properties in multiple states. (Compl. at 4–5, 6, 8, 10–11, 15, 20). For example, Mr. Polinski states that he tendered payment via a "negotiable instrument" directly to a sales representative at a Mercedes-Benz dealership, sent a negotiable instrument to the U.S. Bank Trust Company, and tendered payment via a negotiable instrument to "Marathon Coach Inc." (*Id.* at 11, 12–13, 20).

What Mr. Polinski's attempted purchase of luxury items using bogus "negotiable instruments" has to do with the Court of Federal Claims, or the Fifth Amendment, remains unclear. His Complaint contains vague grievances against the government and other private entities, but he does not articulate a taking, nor does he identify a specific cause of action mandating the payment of money. (*See generally* Compl.); *Fullard v. United States*, 78 Fed. Cl. 294, 299 (2007) ("the court has no duty to create a claim where a *pro se* plaintiff's complaint is so vague or confusing that one cannot be determined.") (citations omitted) (emphasis in original). Moreover, these transactions were with private individuals and entities, which is far outside this Court's jurisdiction. *See Taylor v. United States*, 168 Fed. Cl. 696, 700 (2023) (citations omitted). The only tether his claims appear to have to the federal government is that "[the United States], acting through its regulatory control over financial instruments and the

3

banking system, has failed to provide a mechanism for the proper redemption or honoring of . . . tendered instrument[s]." (Compl. at 10). Even still, Mr. Polinski does not raise a specific cause of action.

Mr. Polinski also invokes 31 U.S.C. § 3123, which requires the federal government "to pay, in legal tender, principal and interest on the obligations of the Government issued under this chapter." 31 U.S.C. § 3123(a). Nowhere in Mr. Polinski's Complaint or the attached exhibits does he plausibly allege that he holds an obligation issued by the federal government. (*See* Compl. at 23). The Court agrees with the United States that the financial instruments referenced in his Complaint appear to have been created by Mr. Polinski "to collect money from the United States." (Mot. to Dismiss at 7). For example, Exhibit A is a "Birth Certificate Bond" for one hundred billion U.S. dollars. (Compl. App'x at 3–4, ECF No. 1-2). This is not a real financial instrument.[2] Mr. Polinski also includes various other examples of his "negotiable instruments[,]" like a document attempting to convey $210,429.97 to a Mercedes-Benz dealer "in good faith" that contains the words "certified funds[,]" and "Remit at Par[.]" (*Id.* at 110).[3] This conveyance document is also invalid.

Mr. Polinski also filed twelve (12) increasingly frivolous emergency motions. (ECF Nos. 8–11, 20).[4] None justify the label "emergency." These motions also offer no conceivable support for jurisdiction, because none exists. In his "Emergency Motion to Compel Evidence, Objection

---

[2] The U.S. Department of the Treasury explains how "Birth Certificate Bonds" are invalid instruments on their website under the section "Frauds, Phonies, & Scams[.]" *Birth Certificate Bonds*, TREASURYDIRECT, https://www.treasurydirect.gov/laws-and-regulations/fraud/birth-certificate-bonds/ [https://perma.cc/Z24M-4L8B] (last visited August 6, 2025).

[3] This "negotiable instrument" shares strikingly similar characteristics with the U.S. Department of the Treasury's example of a "Bogus Sight Draft" or a fraudulent "Bill of Exchange Drawn on the Treasury." *Bogus Sight Drafts/Bills of Exchange Drawn on the Treasury*, TREASURYDIRECT, https://www.treasurydirect.gov/images/laws-and-regulations/fraud/fraud-sdraft-2.jpg [https://perma.cc/44MZ-AP3U] (last visited August 6, 2025).

[4] The motions are: (1) "Plaintiff's Emergency Motion for Summary Judgment[,]" (ECF No. 8); (2) "Plaintiff's Emergency Motion for Order to Show Cause[,]" (ECF No. 9); (3) "Plaintiff's Emergency Motion for Judicial Notice[,]" (ECF No. 10); (4) "Plaintiff's Emergency Motion for Constructive Trust and Equitable Lien[,]" (ECF No. 11); (5) "Plaintiff's Emergency Motion to Appoint Special Master and Forensic Accountant[,]" (ECF No. 12); (6) "Plaintiff's Emergency Motion for Declaratory Judgment[,]" (ECF No. 13); (7) "Plaintiff's Emergency Motion to Strike Defendant's Affirmative Defenses[,]" (ECF No. 14); (7) "Plaintiff's Emergency Motion for Leave to Proceed Sui Juris[,]" (ECF No. 15); (9) "Plaintiff's Emergency Motion for Writ of Replevin[,]" (ECF No. 16); (10) "Plaintiff's Emergency Motion for Settlement and Preliminary Injunction[,]" (ECF No. 17); (11) "Plaintiff's Emergency Motion for in Camera (In Chambers) Hearing[,]" (ECF No. 18); and (12) "Plaintiff's Emergency Motion to Compel Evidence, Objection to Dismissal, Motion to Establishing Jurisdiction, and Reassertion of Plaintiff's Standing[,]" (ECF No. 20).

to Dismissal, Motion to Establish Jurisdiction, and Reassertion of Plaintiff's Standing[,]" Mr. Polinski simply dredges up the same evidence presented in his Complaint, which he claims clarifies "the who, what, when, where, and how" of the alleged taking. (ECF No. 20 at 8–11). As set forth above, the Complaint offers no support—legal or factual—for the assertions it advances. To Mr. Polinski's credit, he does partially articulate the correct standard for overcoming a motion to dismiss; his claims must be plausible. *See Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Ultimately, however, no amount of repetition renders an implausible claim plausible. All of Mr. Polinski's motions are meritless and warrant no further analysis from the Court.

Try as it might, the Court cannot find a foothold to assert jurisdiction over this case. Mr. Polinski's vague and unmoored assertions of a Fifth Amendment takings do not give rise to a specific claim for which relief could be granted, nor does he clearly articulate a cause of action against the United States government that would otherwise allow this Court jurisdiction under the Tucker Act.[5] For these reasons, the United States' Motion to Dismiss, (ECF No. 7), is **GRANTED** and Mr. Polinski's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6). The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[6]

As to the other pending matters, Mr. Polinski's emergency motions, (ECF Nos. 8–18, 20), are **DENIED** as both **MOOT** and **FRIVOLOUS**. Mr. Polinski's application to proceed *in forma pauperis* is **GRANTED**.

---

[5] Mr. Polinski's Complaint and supporting documents reflect that of the sovereign citizen movement, as do his meritless emergency motions. Mr. Polinski signals his affiliation in this movement by using purple fingerprints, signing his name as "Peter-Joseph: Royal House Polinski" in yellow ink, and frequently citing to Bible verses. (Compl. at 25); *see Fed. Bureau Investigation's Counterterrorism Analysis Section, Sovereign Citizens: A Growing Domestic Threat to Law Enforcement*, (Sept. 1, 2011), https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement [https://perma.cc/LHM2-6TPB]. Mr. Polinski also begins most of his emergency motions with the following: "Plaintiff, Peter-Joseph: the Royal House Polinski, sui juris, Creditor, a Living Sui Juris Beneficiary, Private Attorney General, and Executor of the PETER JOSEPH POLINSKI trust estate . . . ." (*See e.g.,* ECF No. 10). If Mr. Polinski is indeed a sovereign citizen, the additional irony of seeking relief from a federal court by an individual member of a group that generally spurns jurisdiction of the federal government is not lost on the Court.

[6] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). At this stage, Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.

Mr. Polinski has filed a dozen cases in this Court. Other than those still pending, Mr. Polinski's claims have all been dismissed for lack of jurisdiction, failure to prosecute, failure to comply with a court order, and frivolity. Taken together with this instant matter and the onslaught of frivolous filings addressed herein, this reflects a concerning pattern of meritless filings. On or by **August 20, 2025**, Mr. Polinski is directed to **SHOW CAUSE** as to why he should not be subjected to an **ANTI-FILING INJUNCTION** in this Court. *Allen v. United States*, 88 F.4th 983, 986–89 (Fed. Cir. 2023) (parties subject to anti-filing orders must be given notice of the injunction and an opportunity to be heard before the injunction is entered).

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge